UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBICON EQUITY GROUP, INC., | No. 1:14-cv-409 LJO-GSA |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION** |
| GERALD A. LAWHORN AND KARLYLE LAWHORN, | (Doc. 1) |
| Defendants. | |

### **INTRODUCTION**

Pro se Defendants Gerald Lawhorn and Karlyle Lawhorn ("Defendants") filed a Notice of Removal of an unlawful detainer action brought against them in Stanislaus Superior Court. (Doc. 1). Defendants' papers fail to invoke this Court's subject matter jurisdiction. Accordingly, the case will be remanded to the Stanislaus County Superior Court.

### **DISCUSSION**

#### **Removal**

28 U.S.C. § 1441(a) empowers a defendant to remove an action to federal court if the district court has original jurisdiction. *Catepillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). The removal statute provides:

1

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

A removing party must file a notice of removal of a civil action within 30 days of receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b). Removal statutes are strictly construed with doubts resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden to prove propriety of removal. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-685 (9th Cir. 2006); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). A district court may remand an action to state court for lack of subject matter jurisdiction or a defect in the removal procedure. 28 U.S.C. § 1447(c).

Generally, subject matter jurisdiction can be established in three ways: 1) a federal question is presented, 2) diversity of citizenship is established (the matter in controversy exceeds $75,000 and is between citizens of different states), or 3) the United States is a party. 28 U.S.C. §§ 1331 and 1332; *See also*, *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). As discussed below, Plaintiff has failed to establish that federal jurisdiction is proper. The United States is not a party to this action. Similarly, Plaintiff cannot establish jurisdiction is proper because no federal question has been presented and the amount in controversy does not exceed $75,000.

**Federal Question Jurisdiction**

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Determination of federal question jurisdiction "is governed by the well-pleaded complaint rule, which provides that federal jurisdiction

2

exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Catepillar*, 482 U.S. at 392. To invoke federal question jurisdiction, a complaint must establish "either that (1) federal law creates the cause of action or that (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008).

Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose*." California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). Thus, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 129 S. Ct. 1262, 1278 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law."). Thus, Plaintiff's claim that a federal question is raised because a notice expressly references and incorporates the "Protecting Tenants at Foreclosure Act of 2009" does not establish this Court's jurisdiction

To the contrary, the record indicates that Gerald Lawhorn and Karlyle Lawhorn are named as Defendants in a state court complaint seeking unlawful detainer relief, which arises under state law. *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. 2011) ("Unlawful detainer actions are strictly the province of state court"); *Deutsche Bank Nat'l Trust Co. v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at * 2 (C.D. Cal. 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law"). An unlawful detainer plaintiff is entitled to judgment after establishing that the property at issue sold in compliance with California Civil Code section 2924 and that the requisite three-day notice to quit was served on defendant as

required by California Code of Civil Procedure section 1161. *See Litton Loan Servicing, L.P. v. Villegas*, U.S. Dist. LEXIS 8018, at *5 (N.D. Cal. 2011) (citing *Evans v. Superior Court*, 67 Cal.App.3d 162, 168 (1977). This unlawful detainer action fails to invoke federal question jurisdiction and is not properly before this Court.

### Diversity Jurisdiction

28 U.S.C. § 1332(a) establishes diversity of citizenship jurisdiction and provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between –
>
> (1) citizens of different States . . .

To invoke diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a). In an unlawful detainer action, "the right to possession alone [is] involved – not title to the property." *Litton*, 2011 U.S. Dist. LEXIS 8081, at *6-7. In a federal action, a defendant "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996). Nothing indicates that the unlawful detainer complaint seeks anywhere near $75,000. In fact, the face of the unlawful detainer complaint states that claimed damages are less than $10,000. The amount in controversy fails to establish diversity jurisdiction.

### CONCLUSION AND ORDER

For the reasons discussed above, Defendants' papers fail to invoke this Court's subject matter jurisdiction. Accordingly, this case is REMANDED forthwith to the Stanislaus County Superior Court.

IT IS SO ORDERED.

Dated:   **March 31, 2014**                    **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE